# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**  )<br>)<br>**Plaintiff,**  )<br>)<br>v.  )<br>)<br>)<br>**MRC HOLDINGS, INC.,**  )<br>)<br>)<br>**Defendant.**  )<br>)  | Civil Action No.<br><br><br>COMPLAINT |

The United States of American, by authority of the Attorney General of the United States and on behalf of the Administrator of the Environmental Protection Agency ("EPA") alleges:

## PRELIMINARY STATEMENT

1. This is a civil action brought under Sections 104, 106, 107, 113 and 122 of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), as amended by the Superfund Amendments and Reauthorization Act of 1986 ("SARA"), 42 U.S.C. §§ 9604, 9606, 9607, 9613 and 9622, relating to the Anniston PCB Hazardous Waste Site ("Site"), located in and around Anniston, Calhoun County, Alabama. The United States seeks injunctive relief as well as the recovery of response costs incurred on or after May 9, 2005 in connection with the Site.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), and 28 U.S.C §§ 1331. 1245, and 1355.

3. Venue is proper in this district pursuant to Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), and 28 U.S.C. § 1391(b) and (c).

## PARTIES

4. Plaintiff is the United States of America, acting at the request of the United States Environmental Protection Agency ("EPA"), an agency of the United States.

5. Defendant is MRC Holdings, Inc., a Delaware Corporation.

6. Defendant is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

7. Defendant acquired U.S. Reduction in 2010. U.S. Reduction arranged for the disposal of hazardous substances on certain properties within the Site within the meaning of Section 107(a)(1), (2), (3) of CERCLA, 42 U.S.C. § 9607(a)(1), (2), (3), and Defendant acquired the liabilities of U.S. Reduction for the disposal of those substances at the Site.

## GENERAL ALLEGATIONS

8. MRC Holdings is the successor to U.S. Reduction Company. US

Reduction Company operated an automobile shredding operation at 820 Ware Street in Anniston, Alabama from January 1, 1978 through July 1982, recovering, processing and recycling usable metals from junk automobiles. U.S. Reduction did not own the property at 820 Ware Street, but leased the property from the City of Anniston's Industrial Development Board ("IDB").

9. U.S. Reductions arranged for the disposal of auto fluff which contains various hazardous substances, including PCBs, lead, and cadmium on properties which are part of the Anniston PCB Superfund Site. More specifically, those properties are: 830 W. 10th Street (County PPIN# 18533, 9th and Mulberry Avenue (County PPIN# 18812), 510 LeGrande Avenue (County PPIN# 32324), 0 Ashley Street (County PPIN# 32325), and 505 Ashley Street (County PPIN# 32326).

10. The contaminants found at the properties identified in Paragraph 9 above are hazardous substances, as defined in Section 101(14) of CERCLA, 42 U.S.C. § 9601(14).

11. There have been and continue to be releases at the Anniston PCB Site, including at the properties described in Paragraph 9 above, of hazardous substances, as defined in Section 101(14) of CERCLA, 42 U.S.C. § 9601(14).

12. As of May 9, 2005, EPA had incurred "response" costs related to the

Site, including the properties identified in Paragraph 9 above, as defined in Section 101(25) of CERCLA, 42 U.S.C. § 9601(25). The United States is continuing to incur further response costs, including costs of enforcement.

13. The costs incurred by the United States related to the Site, including the properties identified in Paragraph 9 above, constitute "removal" or "remedial" costs as defined by Section 101(23) and (24) of CERCLA, 42 U.S.C. § 9601(23) and (24), and "response" costs as defined by Section 101(25) of CERCLA, 42 U.S.C. § 9601(25).

14. The Site, including the properties identified in Paragraph 9 above is, and was at all times relevant to this Complaint, a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

15. At all times relevant to this Complaint, "hazardous substances," as defined by Section 101(14) of CERCLA, 42 U.S.C. § 9601(14), were treated, disposed of, released, or presented the threat of release at the Site, including the properties identified in Paragraph 9 above.

16. The United States has satisfied any condition precedent to the undertaking of response actions.

## FIRST CLAIM FOR RELIEF

17. The allegations contained in paragraphs 1 through 16 above are Incorporated in this claim for relief as if fully set forth herein.

4

18. EPA has determined that there was a release or substantial threat of release of hazardous substances to the environment from the Site, including from the properties identified in paragraph 9 above, and that investigatory and remedial action is needed to address these releases.

19. Sections 104, 106 and 122 of CERCLA, 42 U.S.C. §§ 9604, 9606 and 9622 authorize the United States to bring an action to secure such relief as may be necessary to abate the danger or threat at the Site, including the properties identified in paragraph 9 above, including requiring the Defendant to perform a remedial design and remedial action ("RD/RA") at the properties identified in paragraph 9 above.

20. Under CERCLA, the Defendant is liable for the implementation of an RD/RA for the purpose of abating any threat to public health and the environment from the properties identified in paragraph 9 above.

## SECOND CLAIM FOR RELIEF

21. The allegations contained in paragraphs 1 through 16 above are incorporated in this claim for relief as if fully set forth herein.

22. Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides in pertinent part that the owner or operator of a facility or any person who has arranged for disposal of any hazardous substances at a facility, shall be liable for all costs of removal or remedial action incurred by the United States.

23. The Defendant is liable under Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3), as an arranger for the disposal of hazardous substances.

23. The Defendant is liable to the United States pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for the reimbursement of past and future response costs incurred by the United States in connection with the properties identified in paragraph 9 above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, the United States, prays that this Court:

1. Enter against the Defendant, pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), a declaratory judgment that the Defendant is liable, which will be binding on any subsequent action or actions against the Defendant seeking to recover further response costs incurred by the United States in connection with the properties identified in paragraph 9 above.

2. Require that the Defendant take all action necessary to implement the Remedial Design/Remedial Action to fully address the contamination at the properties identified in paragraph 9 above.

3. Require that the Defendant reimburse the United States for all response costs incurred on or after May 9, 2005 or to be incurred with respect to the properties identified in paragraph 9 above, including future oversight costs, plus interest, and all other administrative, investigative, and legal expenses, and

4.      Provide such other relief as the Court may deem just and appropriate.

                                         Respectfully submitted,

                                         /s/ William A. Weinischke
                                         WILLIAM A. WEINISCHKE
                                         Senior Attorney
                                         Environmental Enforcement Section
                                         Environment and Natural Resources
                                            Division
                                         P.O. Box 7611
                                         Washington D.C.  20044
                                         (202) 514-4592
                                         Bill.weinischke@usdoj.gov

                                         JAY E. TOWN
                                         United States Attorney
                                         Northern District of Alabama

Of Counsel:

Rudy Tanasijevich
Office of Regional Counsel
U.S. Environmental Protection Agency
Region 4
61 Forsyth Street, S.W.
Atlanta, GA  30062
(404) 562-9557
Tanasijevich.rudy@epa.gov

7